## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY E. WANNER, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | NO. |
| v. | ) | |
| | ) | |
| GRANT SHOOK, | ) | |
| | ) | |
| *Defendants.* | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff TERRY E. WANNER, by his attorneys the Mizner Law Firm, files this

Complaint and states:

### A. Parties

1.      Plaintiff TERRY EUGENE WANNER is an adult individual who is currently

incarcerated at  the State Correctional Institution at Smithfield ("SCI Smithfield"), 1120 Pike

Street, P.O. Box 999, Huntingdon, PA 16652. At all times pertinent to this Complaint, Plaintiff

TERRY EUGENE WANNER was incarcerated at SCI Smithfield. SCI Smithfield is a

correctional facility operated by the Pennsylvania Department of Corrections.

2.      Defendant GRANT SHOOK is an adult individual who is currently employed by

the Department of Corrections at SCI Smithfield at 1120 Pike Street, P.O. Box 999, Huntingdon,

PA 16652. At all times pertinent to this Complaint, Defendant Shook was the HVAC

Maintenance Supervisor of SCI Smithfield.

**B. Jurisdiction and Venue**

3.     This Complaint includes claims made pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 1983.

4.     This Honorable Court has jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 & 1343.

5.     This Complaint also includes pendent state law claims, over which this Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred within the territorial jurisdiction of this District and the Defendants are subject to personal jurisdiction within this District.

**Facts**

7.     On March 14, 2014, Mr. Wanner was working on the HVAC crew for the Maintenance Department of SCI Smithfield under the direct supervision of the HVAC Maintenance Supervisor of SCI Smithfield, Grant Shook.

8.     Work on a HVAC system in a state correctional institution is usually performed off of the ground and in small confined areas.

9.     Defendant Shook failed to provide a training program and/or training for Mr. Wanner who was  exposed to fall hazards and other dangerous conditions.

10.    Defendant Shook failed to provide a training program and/or training in safety procedures which minimize these hazards and dangerous conditions.

11.    Defendant Shook failed to provide a training program and/or training to Mr.

Wanner about the nature and risk of fall hazards.

12.    Defendant Shook failed to provide a training program and/or training to Mr.

Wanner in the correct procedures for erecting, maintaining, disassembling, and inspecting the

fall protection systems to be used.

13.    Defendant Shook failed to provide a training program and/or training to Mr.

Wanner about the use and operation of personal fall arrest systems and or  safety  systems and

other protection to be used.

14.    On March 14, 2014, Defendant Shook directed Mr. Wanner to perform physical

labor on the duct above the I.D. room of the business area of SCI Smithfield.

15.    Defendant Shook compelled Mr. Wanner to perform this physical labor which

was beyond his strength, capability and which endangered his life and health.

16.    Defendant Shook failed to provide any safety equipment to Mr. Wanner including

not not limited to personal fall arrest systems and or  safety  systems.

17.    At the direction and supervision of Defendant Shook, Mr. Wanner  fell through

the drop ceiling which was approximately ten (10) to fifteen (15) feet to the floor below and

suffered significant and life altering injuries.

18.    Mr. Wanner was immediately transferred to  UPMC Altoona, where multiple

X-rays were taken of his right leg, right wrist and right hand.

19.    The X-rays revealed that Mr. Wanner had suffered a broken right tibia and a

compound fracture of his right ulna and right radius.

20.    Surgery was performed on Mr. Wanner's right wrist where the compound fracture

of his right ulna was set and  his right radius was set with plates and screws.

21.     Casts were applied to Mr. Wanner's right leg and right wrist and hand area.

22.     Mr. Wanner was transferred back to SCI Smithfield on March 15, 2014, and was housed in SCI Smithfield's Infirmary until May 16, 2014.

23.     After over two (2) months of healing in SCI Smithfield's Infirmary, Mr. Wanner was transferred back to UPMC Altoona on May 16, 2014, where both casts were removed from his right leg and right wrist and hand area.  The cast from his right leg was replaced with an air cast and the cast from his right wrist and hand area was replaced with a brace.

24.     That same day when Mr. Wanner was transferred back to SCI Smithfield, SCI Smithfield's Medical Department claimed to have misplaced the hand air pump in order to inflate and deflate his right leg air cast as needed per doctor's orders.

25.     This was the first time, more than two (2) months after his fall, that Mr. Wanner was able to write on his own accord.

26.     At that time, Mr. Wanner wrote a general request to SCI Smithfield's Medical Department to inquire about the misplaced hand air pump that he was in need of in order to comply with his doctor's orders.  This request was never answered or returned.

27.     Over the next couple of weeks, Mr. Wanner submitted sick call requests, general requests to Jon Fisher, Superintendent of SCI Smithfield and William Dribelbis,  Healthcare Administrator of SCI Smithfield,  concerning the misplaced hand air pump. Some did not respond, other did nothing.

28.     On May 28, 2014, Mr. Wanner was called to the SCI Smithfield Medical Department and given the hand air pump. He reviewed the receipt for it and noticed that it was dated for May 8, 2014. Thus, Mr. Wanner was in non-compliance with his doctor's orders from

May 16, 2014 through May 28, 2014 due to SCI Smithfield's Medical Department's failure to provide the air pump.

29.     Mr. Wanner has worked construction his entire working life and will be unable to continue to work construction because of these injuries.

## COUNT I

## VIOLATION OF THE EIGHTH AMENDMENT - DELIBERATE INDIFFERENCE

*Terry E. Wanner*
*v.*
*Grant Shook*

30.     The foregoing averments are incorporated herein by reference as if fully set forth herein.

31.     The injuries Mr. Wanner suffered were foreseeable and a direct consequences of Defendant Shook's failure to:

    a.   provide a training program and/or training in safety procedures and ways for Mr. Wanner to  minimize the risk of the hazards and dangerous conditions;

    b.   provide a training program and/or training in safety procedures which minimize hazards and dangerous conditions;

    c.   provide a training program and/or training regarding the nature and risk of fall hazards;

    d.   provide a training program and/or training regarding the correct procedures for erecting, maintaining, disassembling, and inspecting  fall

protection systems;

    e.   provide a training program and/or training regarding the use and operation of personal fall arrest systems and/or safety systems;

    f.   ensure that the drop ceiling had the strength and structural integrity to support Mr. Wanner safely; and

    g.   failing to provide any safety equipment to Mr. Wanner including not not limited to personal fall arrest systems and or safety systems.

32.    Defendant Shook's conduct as described above displayed a deliberate indifference to the health and wellbeing of Mr. Wanner.

33.    Mr. Wanner was a foreseeable victim of Defendant Shook's actions and failure to act.

34.    Defendant Shook compelled Mr. Wanner to perform this physical labor which was beyond his strength, capability and which endangered his life and health.

35.    The actions of Defendant Shook were wilful, wanton, reckless, and callously disregarded Mr. Wanner's' rights.

36.    Mr. Wanner is entitled to an award of punitive damages in addition to compensatory damages and any other relief available under law.

37.    As a direct and proximate result of the deliberate indifference of Defendant Shook, including his willful disregard for the safety of Mr. Wanner, Mr. Wanner has experienced and suffered injuries and damages, including without limitation:

    a.   a broken right tibia and a compound fracture of his right ulna and right radius;

    b.   pain, suffering and discomfort;

    c.  fear, anxiety, humiliation, mental anguish, and other emotional and mental harm;

    d.  hospital, nursing, and similar care and supplies to treat his condition; and

    e.  a loss of an ability to work or a diminished ability to work in the future; and

    f.  scarring.

WHEREFORE, Plaintiff Terry E. Wanner, requests that this Honorable Court enter judgment in his favor and against Defendant Grant Shook in excess of seventy-five thousand dollars ($75,000.00), along with all such other relief as allowed by law.

## COUNT II

## VIOLATION OF THE FOURTEENTH AMENDMENT - STATE CREATED DANGER

*Terry E. Wanner*
*v.*
*Grant Shook*

38.    The foregoing averments of this Complaint are incorporated herein by reference as though set forth in full.

39.    The injuries Mr. Wanner suffered were foreseeable and a direct consequences of Defendant Shook's failure to:

    a.  provide a training program and/or training in safety procedures and ways for Mr. Wanner to  minimize the risk of the hazards and dangerous conditions;

    b.  provide a training program and/or training in safety procedures which minimize hazards and dangerous conditions;

    c.  provide a training program and/or training regarding the nature and risk of fall hazards;

  d. provide a training program and/or training regarding the correct procedures for erecting, maintaining, disassembling, and inspecting fall protection systems;

  e. provide a training program and/or training regarding the use and operation of personal fall arrest systems and/or safety systems;

  f. ensure that the drop ceiling had the strength and structural integrity to support Mr. Wanner safely; and

  g. failing to provide any safety equipment to Mr. Wanner including not not limited to personal fall arrest systems and or safety systems.

40. Defendant Shook's conduct as described above.

41. Mr. Wanner was a foreseeable victim of Defendant Shook's acts.

42. Defendant Shook's conduct created a danger to Mr. Wanner.

43. As a direct and proximate result of the danger created by Defendant Shook, including his willful disregard for the safety of Mr. Wanner, Mr. Wanner has experienced and suffered injuries and damages, including without limitation:

  a. a broken right tibia and a compound fracture of his right ulna and right radius;

  b. pain, suffering and discomfort;

  c. fear, anxiety, humiliation, mental anguish, and other emotional and mental harm;

  d. hospital, nursing, and similar care and supplies to treat his condition;

  e. a loss of an ability to work or a diminished ability to work in the future.;

and

    f.   scarring.

44.    The actions of Defendant Shook were wilful, wanton, reckless, and callously disregarded Mr. Wanner's' rights.

45.    Mr. Wanner is entitled to an award of punitive damages in addition to compensatory damages and any other relief available under law.

WHEREFORE, Plaintiff Terry E. Wanner, requests that this Honorable Court enter judgment in his favor and against Defendant Grant Shook in excess of seventy-five thousand dollars ($75,000.00), along with all such other relief as allowed by law.

## COUNT III - NEGLIGENCE

*Terry E. Wanner*
*v.*
*Grant Shook*

46.    The foregoing averments of this Complaint are incorporated herein by reference as if fully set forth herein.

47.    Defendant Grant Shook, as HVAC Maintenance Supervisor of SCI Smithfield, owed a duty of reasonable care to Mr. Wanner to make sure that he was not exposed to unreasonably dangerous conditions while he worked on the HVAC crew performing construction ductwork ten (10) to fifteen (15) feet above the ground.

48.    Defendant Shook breached this duty of care by failing to:

    a.   provide a training program and/or training in safety procedures and ways for Mr. Wanner to  minimize the risk of the hazards and dangerous conditions;

    b.   provide a training program and/or training in safety procedures which minimize hazards and dangerous conditions;

    c.   provide a training program and/or training regarding the nature and risk of fall hazards;

    d.   provide a training program and/or training regarding the correct procedures for erecting, maintaining, disassembling, and inspecting  fall protection systems;

    e.   provide a training program and/or training regarding the use and operation of personal fall arrest systems and/or  safety  systems;

    f.   ensure that the drop ceiling had the strength and structural integrity to support Mr. Wanner safely; and

    g.   failing to provide any safety equipment to Mr. Wanner including  not not limited to personal fall arrest systems and or safety  systems.

49.     In addition, Defendant Shook breached his duty of care by failing to ensure that the drop ceiling had the strength and structural integrity to support Mr. Wanner safely.

50.     As a result of his breach of his duties, Mr. Wanner fell through the drop ceiling approximately ten (10) to fifteen (15) feet to the floor below and suffered significant and life altering injuries.

51.     As a direct and proximate result of the danger created by Defendant Shook, including his willful disregard for the safety of Mr. Wanner, Mr. Wanner has experienced and suffered injuries and damages, including without limitation:

    a.   a broken right tibia and a compound fracture of his right ulna and right

        radius;

    b.   pain, suffering and discomfort;

    c.   fear, anxiety, humiliation, mental anguish, and other emotional and mental

        harm;

    d.   hospital, nursing, and similar care and supplies to treat his condition;

    e.   a loss of an ability to work or a diminished ability to work in the future.;

        and

    f.   scarring.

52.    The Commonwealth of Pennsylvania has waived its sovereign immunity with respect to actions arising out of the care, custody, or control of real property in the possession or control of Commonwealth parties.

53.    Defendant Shook was at all times pertinent to this Complaint an employee of the Commonwealth of Pennsylvania, Department of Corrections and was engaged in duties within the scope of that employment.

54.    Defendant Shook's conduct was outrageous and evidenced a reckless indifference to Mr. Wanner.

WHEREFORE, Plaintiff Terry E. Wanner, requests that this Honorable Court enter judgment in his favor and against Defendant Grant Shook in excess of seventy-five thousand dollars ($75,000.00), along with all such other relief as allowed by law.

Respectfully submitted,

MIZNER LAW FIRM

By: /s/ John F. Mizner

John F. Mizner
PA Bar No. 53323
jfm@miznerfirm.com

311 West Sixth Street
Erie, Pennsylvania 16507
(814) 454-3889

*Attorney for the Plaintiff*