# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY E. WANNER, | : | **CIVIL NO: 1:16-CV-00389** |
| Plaintiff, | : | |
| v. | : | (Chief Magistrate Judge Schwab) |
| GRANT SHOOK, | : | |
| Defendant. | : | |

## **MEMORANDUM**

### **I. Introduction.**

Presently before the Court is a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed by the only defendant in this action, Grant Shook ("Shook"). In response to Shook's motion, the plaintiff, Terry E. Wanner ("Wanner"), states that he voluntarily withdraws his federal constitutional claims from the complaint. Wanner also states that he only intends on proceeding with his state-law claim. Thus, for the reasons set forth more fully below, Wanner's federal constitutional claims, which are set out in Counts I and II of the complaint, are withdrawn, and his state-law claim, which is set out in Count III of the complaint, is dismissed without prejudice to him seeking relief in an appropriate state court.

**II. Background.**

Wanner filed the instant complaint, *via* counsel, on March 3, 2016, pursuant to the provisions of 42 U.S.C. § 1983. *Doc. 1*. At the core of his complaint, Wanner alleges that on March 14, 2014, while he was in the custody of the Pennsylvania Department of Corrections and housed at the State Correctional Institution at Smithfield ("SCI Smithfield"), he was working on an inmate HVAC crew, when he fell about 10 to 15 feet through a drop ceiling, sustaining significant injuries. *Id*. Wanner further alleges that Shook, the HVAC instructor at SCI Smithfield, had failed to provide him with proper training and had directed him to perform labor, which was beyond his strength and capability. *Id*. In connection with these allegations, Wanner raises the following three counts: Count I for deliberate indifference under the Eighth Amendment to the United States Constitution; Count II for state created danger under the Fourteenth Amendment to the United States Constitution; and Count III for negligence under Pennsylvania law. *Id*. at ¶¶ 30-54.

After Shook waived service of the complaint and filed his answer with affirmative defenses (*doc. 5*), the parties consented to the jurisdiction of a United States Magistrate Judge (*doc. 10*), and the above-captioned action was reassigned to the undersigned Chief Magistrate Judge (*doc. 13*). Although the action had then been scheduled for a settlement conference (*doc. 19*), Wanner subsequently filed a

motion on the Court's docket, explaining that both parties were of the opinion that the conference would be fruitless, and thus requested the Court to set a dispositive motions deadline instead (*doc. 20*). The Court set the requested deadline for August 1, 2017. *Doc. 22*.

In accordance with that deadline, Shook timely filed a motion for summary judgment (*doc. 23*), along with a brief in support (*doc. 25*), a statement of material facts (*doc. 24*), and various exhibits (*docs. 24-1*, *24-2*, *24-3*, *24-4*). Wanner subsequently filed a brief in opposition (*doc. 29*) and an answer to Shook's statement of material facts (*doc. 30*). In his brief in opposition, Wanner states, in material part, as follows:

> After careful review of the facts disclosed in discovery, the relevant case law, and in the interest of judicial economy, [Wanner] now voluntarily withdraws Count I, for deliberate indifference, and Count II, for state created danger. However, for the reasons that follow, [Wanner] opposes [Shook's] motion as to Count III, for negligence.

*Doc. 29* at 1. Shook responded by filing a reply brief and arguing that summary judgment is proper as to all three counts in the complaint. *Doc. 31*.

Thus, Shook's motion, which has been fully briefed, is ripe for our disposition. For the reasons discussed below, Counts I and II are withdrawn, and Count III, Wanner's state-law claim for negligence, is dismissed without prejudice to him seeking relief in an appropriate state court.

3

## III. Discussion.

As discussed above, Wanner raises the following three counts: Count I for deliberate indifference under the Eighth Amendment to the United States Constitution; Count II for state created danger under the Fourteenth Amendment to the United States Constitution; and Count III for negligence under Pennsylvania law. *Doc. 1* at ¶¶ 30-54. With respect to Counts I and II, Wanner has invoked this Court's original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. *See id.* at ¶ 4. And, with respect to Count III, Wanner has invoked this Court's supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367. *See id.* at ¶ 5.

In response to Shook's pending motion for summary judgment, however, Wanner states that he voluntarily withdraws Counts I and II from his complaint. *See doc. 29* at 1 ("After careful review of the facts disclosed in discovery, the relevant case law, and in the interest of judicial economy, [Wanner] now voluntarily withdraws Count I, for deliberate indifference, and Count II, for state created danger."). Wanner further states that he only intends on proceeding with his negligence claim under Pennsylvania law. *See id.* ("[Wanner] opposes [Shook's] motion as to Count III, for negligence.").

Thus, because Wanner has withdrawn Counts I and II from the complaint (i.e., his federal constitutional claims), the issue becomes whether this Court

4

should exercise its supplemental jurisdiction over Count III (i.e., his only remaining state-law claim) pursuant to 28 U.S.C. § 1367. Although this issue has not been raised by the parties, we are permitted to raise it *sua sponte*. *See, e.g.*, *Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016) (finding no abuse of discretion, where the district court declined, *sua sponte*, to exercise supplemental jurisdiction over the appellants' remaining state law claims); *Hawkins v. Commonwealth Court of Common Pleas Dauphin County Pennsylvania*, No. 1:17-CV-00162, slip op. at 49-55 (M.D. Pa. June 21, 2017) (recommending, *sua sponte*, that the district court decline to exercise its supplemental jurisdiction over a remaining state-law claim that had been brought against one of the defendants in the complaint), *adopted by* slip op. at 2 (M.D. Pa. July 19, 2017).

The issue of whether to exercise supplemental jurisdiction is a matter within this Court's discretion. Indeed, where, as here, a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over any remaining state-law claims. 28 U.S.C. § 1367(c)(3); *see also Dozier v. Dep't of Corr.*, No. 1:12-CV-00838, 2013 WL 6631621, at *8 (M.D. Pa. Dec. 17, 2013) (Rambo, J.) ("Where a district court has original jurisdiction pursuant to 42 U.S.C. § 1983 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the

5

district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (citing 28 U.S.C. § 1367(c)(3))).

In exercising its discretion, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("'[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis in original))).

Here, there is nothing unique about this case such that considerations of judicial economy, convenience, and fairness provide an affirmative justification for exercising supplemental jurisdiction after Wanner has withdrawn his federal claims from the complaint. Moreover, despite the parties having the opportunity to persuade us otherwise in their briefing of the instant motion for summary judgment, neither party has taken advantage of the opportunity to do so. Accordingly, we will use our discretion to not exercise supplemental jurisdiction

6

over the only remaining state-law claim in this action. *See* 28 U.S.C. § 1367(c)(3); *see also Vurimindi v. Wyeth Pharm.*, 447 F. App'x 426, 427 (3d Cir. 2011) (finding that the district court had acted within its discretion in declining to exercise supplemental jurisdiction over the appellant's remaining state-law claims, where the appellant had consented to withdraw his federal claims); *Cromyak v. Conewago Pottsville*, No. 3:17-CV-1076, 2017 WL 4812309, at *3 (M.D. Pa. Oct. 25, 2017) (declining to exercise supplemental jurisdiction over the plaintiff's only remaining state-law claim, where plaintiff herself had withdrawn the one federal-law claim over which the district court had original jurisdiction). If he so chooses, Wanner is free to file his state-law negligence claim in the appropriate state court.

**IV. Conclusion.**

Based on the foregoing discussion, Counts I and II are withdrawn, and we will dismiss Count III without prejudice to Wanner seeking relief in an appropriate state court. An implementing order follows.

*S/Susan E. Schwab*
Susan E. Schwab
United States Chief Magistrate Judge
